IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS ARMOUR, # M06329,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-0101-JPG |
| ) | |
| **S.A. GODINEZ, et al,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on the motion for leave to proceed in forma pauperis ("IFP") brought by Plaintiff (Doc. 6). Plaintiff seeks leave to proceed without prepayment of the Court's ordinary filing fee of $350.00 in civil cases. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit an indigent prisoner to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets, as well as "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner is assessed an initial partial filing fee of twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund

account for the six-month period immediately preceding the filing of the suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of the initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*.

For purposes of calculating the average monthly balance in a prisoner's trust fund account for the six-month period preceding the filing of a lawsuit, 28 U.S.C. § 1915 does not specify whether a court should use opening monthly balances, daily balances, or closing monthly balances, and therefore the Court has elected more or less arbitrarily to use opening monthly balances, meaning the amount in Plaintiff's trust fund account on the first day of each of the six months preceding the filing of this lawsuit. *See Pinkin v. Ayzenberg*, No. 98 C 5637, 1999 WL 410035, at *1 n.1 (N.D. Ill. May 27, 1999) (noting that, because Section 1915 is ambiguous as to whether opening monthly balances, daily balances, or closing monthly balances should be used to calculate a prisoner's initial partial filing fee, a court is free to use any one of the three or to rely solely upon average monthly deposits to a prisoner's trust fund account in calculating the fee). Relying upon the information contained in Plaintiff's certified copy of his trust fund account statement, the Court finds that twenty percent of the average monthly balance in Plaintiff's trust fund account for the six-month period immediately preceding the filing of this suit is $438.61. Accordingly, Plaintiff's initial partial filing fee would be $438.61, a sum greater

than the $400.00 filing fee in this case.  Accordingly, the Court will require Plaintiff to pay the $400.00[1] filing fee.

As it appears that Plaintiff is able to pay the $400.00 filing fee in this case, his motion for leave to proceed IFP (Doc. 6) is **DENIED**.  Plaintiff is **ORDERED** to pay the $400.00 filing fee in this case not later than thirty (30) days from the date of entry of this Order.  Payment of the $400.00 filing fee shall be sent to:  United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201.  At the time payment is made, Plaintiff's name and the case number assigned to this action shall be clearly identified.   If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.  The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the Trust Fund Officer at the Menard Correctional Center ***upon entry of this Memorandum and Order***.

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

**IT IS SO ORDERED.**

**DATED:  February 18, 2014**

                                                *s/ J. Phil Gilbert*
                                               **UNITED STATES DISTRICT JUDGE**