IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS ARMOUR, #M06329,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-00101-JPG |
| | ) |
| **S. A. GODINEZ,** | ) |
| **RICHARD W. HARRINGTON,** | ) |
| **SUSAN HILL, J. WITOFF, WALTS,** | ) |
| **UNKNOWN PARTIES, DR. TROST and** | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Demetrius Armour, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claims that he was assaulted on March 14, 2013, by several members of the "orange crush tactical team," a special security team ("SST") at Menard. Plaintiff now sues these unknown defendants ("Defendants SST") for the use of excessive force. He also asserts numerous constitutional and state tort claims against seven other defendants. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief (Doc. 1, pp. 17-19).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

According to the complaint, Plaintiff was assaulted by several members of Menard's special security team ("SST") on March 14, 2013 (Doc. 1, pp. 5-8). On that date, SST members escorted Plaintiff and several other inmates to the chapel while their cells were searched (Doc. 1, p. 5). Plaintiff was ordered to walk in line with his head down. He complied with the orders.

While standing outside of the chapel, Plaintiff was approached by an unknown SST member, who repeatedly pushed Plaintiff into the prisoner standing directly in front of him. During this incident, Plaintiff received several blows to the back of his head. Multiple SST

members then grabbed Plaintiff by his handcuffs and forced him to walk into the chapel in a forward bent position (Doc. 1, pp. 6-7). Once inside, two SST officers forced Plaintiff's head down toward his knees, so that he could not identify his attackers (Doc. 1, p. 6). Plaintiff was hit in the rib cage and kicked in the groin. His head was forcefully shoved into Bibles on a bookshelf. A male SST member threatened to sexually assault him. At the same time, Plaintiff could hear another inmate being beaten nearby. Plaintiff's assault ended soon after an officer, who is not named in this action, intervened (Doc. 1, p. 7).

While escorting Plaintiff back to his cell, the SST members continued to make sexually explicit remarks. One officer shoved the tip of his wooden baton into Plaintiff's mouth. Other officers pushed an unknown inmate's face into Plaintiff's rear end (Doc. 1, p. 8). As he entered the west cell house, Defendant Witoff slapped Plaintiff in the face with an open hand six times.

Plaintiff reported the assault to the first officer he saw after returning to his cell. He requested medical attention and a meeting with internal affairs. The officer agreed to get help but never did (Doc. 1, p. 8). Plaintiff did not name this officer as a defendant in the action.

When medical personnel made their rounds that evening, Plaintiff again requested medical care. He was told to submit a sick call request, which he did. The following morning, Plaintiff met with one of Menard's medical providers, Defendant Walts (Doc. 1, p. 9). Defendant Walts gave Plaintiff ibuprofen and a voucher to cover his $5 copay. Plaintiff was treated for a bloodshot eye, an eyebrow abrasion, a sore jaw, sore genitals, and a sore rib cage. When Plaintiff told Defendant Walts how he received the injuries, she became verbally confrontational and was told to leave the area. Before doing so, Defendant Walts stated "[A]t least they didn't kill you, you will survive [sic]."

The remainder of the complaint outlines Plaintiff's efforts to exhaust his administrative remedies within Menard prior to filing this action (Doc. 1, pp. 10-14).  Defendant Hill is named in connection with these attempts.  In the process, Plaintiff was placed in protective custody on July 29, 2013, while internal affairs investigated the matter (Doc. 1, p. 11).  He was denied a toothbrush, toothpaste, soap, face/bath towels, and shower for his first nine days in segregation (Doc. 1, p. 12).  It is not clear whether Plaintiff has returned to the general population.

Plaintiff now sues Defendant Godinez, the Illinois Department of Corrections' ("IDOC") director, and Defendant Harrington, Menard's warden, for allowing Defendants SST to engage in the routine practice of assaulting inmates without provocation, in violation of the Eighth Amendment (Doc. 1, p. 15).  Plaintiff sues Defendants Witoff and SST for using excessive force against him on March 14, 2013, in violation of the Eighth Amendment and Illinois tort laws (Doc. 1, pp. 15, 17).  Plaintiff names Defendant Hill for failing to process his March 2013 grievance, in violation of his Fourteenth Amendment due process rights (Doc. 1, pp. 16-17).  Defendant Walts is named for failing to follow proper treatment protocol and for destroying Plaintiff's medical records (Doc. 1, p. 17).  Wexford Health Sources, Inc. ("Wexford) and Dr. Trost ("Trost") are named as defendants, based on their failure to implement policies ensuring proper medical care for inmates and their negligent supervision of employees (Doc. 1, p. 16).

**Discussion**

After reviewing the allegations, the Court finds it convenient to divide the complaint into six counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:**  Eighth Amendment excessive force claim against Defendants Godinez, Harrington, Witoff, and SST for the March 14, 2013, assault.

**Count 2:** Eighth Amendment conditions of confinement claim arising from Plaintiff's denial of hygiene products for nine days.

**Count 3:** Eighth Amendment claim against Defendants Wexford, Trost, and Walts for displaying deliberate indifference to Plaintiff's medical needs.

**Count 4:** Fourteenth Amendment claim against Defendant Hill for ignoring and/or delaying Plaintiff's March 2013 grievance.

**Counts 5:** Illinois assault and battery claim against Defendants Witoff and SST based on the March 2013 assault of Plaintiff.

**Count 6:** Illinois negligence claim against Defendants Wexford and Trost for failing to discipline medical personnel.

**Count 1 – Excessive Force**

After carefully considering the allegations in the complaint, the Court finds that it states a colorable Eighth Amendment excessive force claim (**Count 1**) against Defendants Witoff and SST for assaulting Plaintiff on March 13, 2014. In addition, the complaint states a colorable Eighth Amendment claim against Defendants Harrington and Godinez for allegedly authorizing Defendant SST's routine inmate assaults.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). To state an excessive force claim, an inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The allegations in

5

the complaint suggest that Defendants Witoff and SST violated the Eighth Amendment by assaulting Plaintiff without provocation.

Plaintiff's claims against Defendants Godinez and Harrington are more attenuated. The complaint does not allege that either Defendant actually assaulted Plaintiff. Rather, it suggests that Defendants Godinez and Harrington created, authorized, or condoned Defendant SST's routine practice of assaulting inmates without provocation. Although the doctrine of *respondeat superior* is not applicable to Section 1983 actions; "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement). At this early stage, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Godinez, Harrington, Witoff, and SST.

**Count 2 – Conditions of Confinement**

After carefully reviewing the allegations that pertain to Plaintiff's Eighth Amendment conditions of confinement claim (**Count 2**), the Court finds that the complaint fails to articulate a colorable claim against any defendants. The complaint alleges that Plaintiff was denied a toothbrush, toothpaste, soap, face/bath towels, and shower for nine days after he was placed in protective custody (Doc. 1, p. 12). Specifically, it states, "Plaintiff remain [sic] in Segregation North 2 Cell 411, where Plaintiff didn't received [sic] toothpaste, toothbrush, soap, face towel, bath towel, or shower for nine days" (Doc. 1, p. 12).

Claims that relate to the conditions of confinement generally fall under the "cruel and unusual punishment" clause of the Eighth Amendment. All Eighth Amendment claims have an objective and a subjective component. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

Even assuming without deciding that the deprivation of hygiene supplies for nine days satisfies the objective standard for this claim, the instant complaint still does not state a claim for unconstitutional conditions of confinement. This is because the complaint does not identify a single defendant who knew about this deprivation or personally participated in it with the requisite state of mind of deliberate indifference. It is well-settled that § 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."

*Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). In the instant case, the complaint identifies no one.

Although supervisory liability can be found when a supervisor "with knowledge of the subordinate's conduct, approves of the conduct and the basis for it," no allegations suggest that anyone, even a supervisor, had knowledge of the alleged deprivation. *Lanigan*, 110 F.3d at 477 (7th Cir. 1997); *Chavez*, 251 F.3d at 651. Further, no policy or practice attributable to a defendant is alleged or intimated. In terms of individual liability, no claim has been stated.

While a warden could still be liable in his official capacity for purposes of securing injunctive relief, the complaint does not request injunctive relief with respect to this claim. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001) (warden could be liable for injunctive relief relative to a prison policy imposing an unconstitutional condition of confinement); *see also Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005) (Eleventh Amendment bars official capacity claims for monetary damages). Accordingly, no official capacity claim has been stated.

Because the complaint fails to state an Eighth Amendment conditions of confinement claim, **Count 2** shall be dismissed without prejudice.

**Count 3 – Deliberate Indifference to Medical Needs**

The complaint also fails to state an Eighth Amendment medical needs claim (**Count 3**) against Defendants Wexford, Trost, Walts, or any other defendant. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle*, 429 U.S. at 104; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, "[t]he plaintiff must show that (1) the medical condition was objectively serious, and (2)

the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Assuming without deciding that Plaintiff's medical condition following the assault was objectively serious, the complaint does not suggest that any defendant displayed deliberate indifference to the condition. To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a '"sufficiently culpable state of mind."' *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson*, 501 U.S. at 297). Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Plaintiff is not required to establish that the officials "intended or desired the harm that transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it." *Greeno*, 414 F.3d at 653. This is where the complaint is fatally flawed.

According to the allegations, Plaintiff met with Defendant Walts the day after he was assaulted (Doc. 1, p. 9). The complaint alleges that Plaintiff was treated for a bloodshot eye, an eyebrow abrasion, a sore jaw, sore genitals, and a sore rib cage. Defendant Walts gave Plaintiff ibuprofen and a voucher to cover his $5 copay. However, when Plaintiff told Defendant Walts how he received the injuries, she became verbally confrontational (Doc. 1, p. 9). He now sues Defendants Walts, Trost, and Wexford because Defendant Walts allegedly failed to follow the proper treatment protocol and then destroyed his medical records.

Although Plaintiff generally takes issue with the treatment protocol and medical records destruction, the complaint does not identify what aspect of the protocol caused a constitutional violation or what records were destroyed. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*,

9

368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation).  Without identifying, even in general terms, what protocol resulted in an Eighth Amendment violation, the complaint fails to state a claim.

Instead, the complaint appears to equate Defendant Walts' reaction to the news of Plaintiff's assault with deliberate indifference.  Here, the complaint misses the mark.  It does not suggest that Defendant Walts, or any other defendant, demonstrated deliberate indifference in a legal sense.  There is no allegation that Defendant Walts, or any other defendant, knew of a substantial risk of harm to Plaintiff and disregarded that risk by failing to treat his condition.  To the contrary, the complaint alleges that Plaintiff received treatment from Defendant Walts one day after his assault, which included ibuprofen for soreness.  There is no allegation that the treatment was ineffective.  Without more, the complaint fails to state a medical needs claim against Defendants Walts, Trost, or Wexford.

Moreover, the complaint states no medical needs claim against the remaining defendants. No allegations suggest that Plaintiff complained of actual or suspected injuries to the other named defendants, including his perpetrators.  No allegations suggest that he asked them for medical attention.  In addition, no allegations suggest that his injuries were obvious. Accordingly, **Count 3** shall be dismissed without prejudice.

**Count 4 – Ignoring and/or Delaying Grievance**

The complaint also fails to state a claim for ignoring and/or delaying grievances (**Count 4**) against Defendant Hill, or any other defendant.  Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the

underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The complaint alleges that Defendant Hill violated Plaintiff's constitutional rights by failing to locate and process his March 2013 grievance (Doc. 1, p. 16). Under controlling law, however, this states no claim. Accordingly, **Count 4** shall be dismissed with prejudice.

**Counts 5 & 6 – State Tort Claims**

In the complaint, Plaintiff raises two Illinois tort claims, namely: (1) an assault and battery claim (**Count 5**) against Defendants Witoff and SST arising from the assault on March 14, 2013 (Doc. 1, p. 15); and (2) a negligence claim against Defendants Trost and Wexford (**Count 6**) for failing to discipline medical personnel (Doc. 1, p. 16). Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)). The Court has original jurisdiction over this § 1983 action. Because the tort claims and federal claims arise from the same facts, the district court also has supplemental jurisdiction over Plaintiff's related state law claims, each of which is addressed below.

A.   **Count 5 - Assault & Battery**

The allegations in the complaint satisfy the legal standard for an Illinois battery claim. Under Illinois state law, "[a] battery occurs when one 'intentionally or knowingly without legal

justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). The complaint addresses each element of this claim. Therefore, the Court will allow Plaintiff to proceed with **Count 5** against Defendants Witoff and SST.

### B.     Count 6 - Negligence

The complaint fails to state a negligence claim against Defendants Wexford and Trost. This claim arises from the alleged "failure of Defendants Wexford Health Sources and Doctor Trost to discipline medical employees under their supervision" (Doc. 1, p. 16). No further explanation of this claim is provided. Conclusory statements, such as those pertaining to negligence, do not meet the pleading standards set forth in *Twombly* and Rule 8, Fed. R. Civ. P. *See Twombly*, 550 U.S. at 555. Accordingly, **Count 6** shall be dismissed with prejudice.

### Identification of Unknown Defendants

Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). "Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service

on all officers who were on duty during the incident in question; or by some other means." *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Defendants Harrington and Godinez remain in this action, and the Court expects them to respond to Plaintiff's requests for discovery regarding Defendants SST.

**Pending Motion**

Plaintiff filed a motion for recruitment of counsel (Doc. 2), which shall be referred to a United States Magistrate Judge.

**Disposition**

IT IS HEREBY ORDERED that **COUNTS 2** and **3** are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. **COUNTS 4** and **6** are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted. The **CLERK** is **DIRECTED** to terminate **DEFENDANTS HILL, WEXFORD, TROST,** and **WALTS** as defendants in this action.

IT IS FURTHER ORDERED that with regard to **COUNTS 1** and **5**, the Clerk of Court shall prepare for Defendant **WITOFF, GODINEZ,** and **HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendants Unknown SST Members until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 2).

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 7, 2014**

*s/ J. Phil Gilbert*
United States District Judge